OPINION OF THE COURT
C. Raymond Radigan, J.
Two of the three coexecutors petition the court for advance payments of commissions. The third coexecutrix and residuary legatee under the will has executed a written consent to the application.
Shortly after the testator’s death, the corporate executor entered into the following agreement with the surviving spouse, the sole residuary legatee: “Instead of receiving the amount of commission which would be allowed to a co-executor of this estate based upon the New York statute and procedures prescribed therein, Irving Trust Company will receive a commission allowed to a sole executor as if all assets in the estate which are subject to U.S. estate tax were included in the statutory base of assets for commission purposes. There would be excepted from this however, the value of the jointly held residential real estate.”
The difference between the statutory receiving commissions and the commissions sought by the corporate executor under the agreement is approximately $4,000. The provisions in the will show that the only beneficiary who is affected by the agreement is the sole residuary legatee.
Agreements increasing commissions after death are rare and there is little recent case law on the subject. The legal *500 texts, however, are in accord that such agreements are invalid or at least unenforceable against the estate (3 Harris, Estates Practice Guide [3d ed], § 833; 4B Warren’s Heaton on Surrogates’ Courts [6th ed], §427, par 5 [a]). Nevertheless for good and sufficient consideration the parties to an agreement to increase commissions beyond the statutory limits may bind themselves individually to pay the additional sum. In these agreements, the additional payment is based upon the contractual arrangement of the parties and not under the regulatory provisions of SCPA 2307.
Accordingly, the court permits the payment of the requested amounts to Irving Trust Company and George A. Baehm, III.